IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| AMANDA R. PETTIT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 5:13cv00006 |
| v. ) | |
| ) | |
| CAROLYN W. COLVIN, ) | By:  Michael F. Urbanski |
| Commissioner of Social Security, ) | United States District Judge |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This social security disability appeal is before the court for review of the report and recommendation issued in this case by the magistrate judge, in which it is recommended that plaintiff Amanda Pettit's motion for summary judgment be granted, that the final decision of the Commissioner be reversed, and that this matter be recommitted to the Commissioner for the calculation and payment of benefits.  The magistrate judge determined that the administrative law judge ("ALJ") improperly rejected the opinion of Pettit's treating psychiatrist, Aamir Mahmood, M.D. and, as a result, improperly concluded that Pettit failed to meet the requirements for Listing § 12.06, anxiety related disorders.

The court disagrees with the magistrate judge's recommendation that this matter be reversed and recommitted to the Commissioner for the calculation and payment of benefits. However, the court finds it prudent to remand this matter to the Commissioner for further consideration and for a consultative examination.  As such, the recommendation that the Commissioner's decision be reversed will be rejected and an Order remanding the case to the Commissioner for further consideration consistent herewith will be entered.

## I.

Pettit filed an application for supplemental security income on July 22, 2010, alleging a disability onset date of June 1, 2010. The Commissioner denied her application for benefits initially and again on reconsideration. An administrative hearing was held on August 30, 2011. In a decision issued on December 7, 2011, the ALJ determined that Pettit's anxiety and affective disorders were severe impairments. (Administrative Record, hereinafter "R.," 119.) The ALJ concluded that these impairments were not of listing-level severity and determined that with these impairments, Pettit retained the residual functional capacity ("RFC") to perform work at all exertional levels, but was limited to performing routine, unskilled, low-stress (ie., non-production rate) work that does not involve working closely with others or frequent public contact. (R. 120, 122.) While this RFC precluded her past relevant work as a short order cook, the ALJ found at step five of the sequential evaluation process that jobs exist in significant numbers in the national economy that Pettit can perform. See 20 C.F.R. § 416.920(a). Thus, the ALJ held that Pettit is not disabled under the Social Security Act. The Appeals Council denied Pettit's request for review and this appeal followed.

This matter was referred to the magistrate judge for proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties filed cross motions for summary judgment and supporting memoranda, and the magistrate judge issued his report and recommendation on September 19, 2013. Under 28 U.S.C. § 636(b)(1), the "court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Federal Rule of Civil Procedure 72(b) provides the parties with an opportunity to file written objections to the proposed findings and recommendations, but neither party filed objections in this case. Rule 72(b)(3) provides that the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." While

the text of the rule is silent as to the obligation of the court if no objection is made, the advisory committee notes that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing Campbell v. United States Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974)).  In Thomas v. Arn, 474 U.S. 140 (1985), the Supreme Court had occasion to address the issue, and stated as follows:

> The district judge has jurisdiction over the case at all times.  He retains full authority to decide whether to refer a case to the magistrate, to review the magistrate's report, and to enter judgment.  Any party that desires plenary consideration by the Article III judge of any issue need only ask.  Moreover, while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard.

474 U.S. at 154.  Thus, even absent an objection, the court retains the ability to review sua sponte a magistrate judge's report and recommendation.  The court believes that the particular facts of this case present an appropriate occasion to review the magistrate judge's report and recommendation notwithstanding the absence of an objection.

## II.

Making a disability determination is the Commissioner's job.  The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and medical findings to determine the functional capacity of the claimant.  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  In contrast, it is not the job of a reviewing federal court to make administrative disability decisions.  The court may neither undertake a de novo review of the Commissioner's decision nor re-weigh the evidence of record.  Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992).  Judicial review of social security disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the claimant failed to

3

meet her burden of proving disability.  See Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).  Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial.  Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996).  Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance.  Perales, 402 U.S. at 401.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed.  42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

### III.

In his report, the magistrate judge concludes that the ALJ's decision to reject the opinion of Dr. Mahmood is not supported by substantial evidence.  Relying on evidence from Dr. Mahmood, the magistrate judge determined that Pettit met the requirements of Listing § 12.06 and awarded payment of benefits.  The court has two difficulties with this conclusion.

First, much of the evidence from Dr. Mahmood relied on by the magistrate judge post-dates the ALJ's December 7, 2011 decision.  Indeed, the Mental Impairments Questionnaire filled out by Dr. Mahmood on January 18, 2012 indicates Pettit has mild restrictions of activities of daily living, marked difficulties in maintaining social functioning, marked difficulties in maintaining concentration, persistence or pace, and had four or more episodes of decompensation within 12 months, each of at least two weeks duration.[1]  (R. 466.)  Neither the ALJ, nor the reviewing state agency physicians upon whose opinions the ALJ relied, had the

---

[1] In contrast, the first Mental Impairments Questionnaire from Dr. Mahmood, which was before the ALJ, indicates Pettit had only moderate difficulties in maintaining concentration, persistence or pace and three episodes of decompensation within 12 months.  (R. 458.)

benefit of this second RFC determination from Dr. Mahmood.[2]  Likewise, the ALJ did not have the benefit of reviewing the additional seven months of treatment records from Dr. Mahmood following the ALJ's decision.  These records document Dr. Mahmood's continued attempts to adjust Pettit's medication in an effort to stabilize her anxiety and depression.  They culminate with notes from an office visit on July 18, 2012, in which Pettit reported thoughts of suicide and concerns about her safety after engaging in self-injurious behavior (cutting).  Dr. Mahmood recommended admission to the hospital for evaluation, to which Pettit agreed.  (R. 489.)  Pettit was admitted to Rockingham Memorial Hospital on July 18, 2012 with a GAF of 40, and she was discharged two days later with a GAF of 45 to 50.[3]  (R. 16.)  Thus, while the magistrate judge is critical of the ALJ's rejection of Dr. Mahmood's opinion as to Pettit's capacity to work, much of the evidence on which the magistrate judge relies post-dates the ALJ's decision.

Second, the magistrate judge points to the fact that Dr. Mahmood was Pettit's only acceptable treating medical source, and there is no medical evidence in the record contradicting Dr. Mahmood's opinion.  That may well be true.  However, it is extremely difficult to decipher Dr. Mahmood's treatment records.  This hampers the court's ability to engage in any meaningful judicial review, let alone determine whether the evidence establishes that Pettit does, in fact, meet the requirements of Listing § 12.06.

For these reasons, the court believes remand is the appropriate course of action in this case.  The court disagrees with the magistrate judge that an award of benefits is warranted based

---

[2] In fact, neither of the reviewing state agency physicians had the benefit of Dr. Mahmood's first Mental Impairments Questionnaire, dated August 29, 2011.

[3] The Global Assessment of Functioning, or GAF, scale ranges from 0 to 100 and considers psychological, social and occupational functioning on a hypothetical continuum of mental health illness. Diagnostic & Statistical Manual of Mental Disorders 34 (4th ed. Text Rev.2000) (hereinafter "DSM–IV–TR").  A GAF of 31-40 indicates some impairment in reality testing or communication (e.g., speech is at times illogical, obscure or irrelevant) or major impairment in several areas, such as work or school, family relations, judgment, thinking or mood.  A GAF of 41-50 indicates serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job). Id.

on the evidence before it.  At the same time, the court cannot say, on this record, that the Commissioner's decision is supported by substantial evidence.

Thus, this matter will be remanded to the Commissioner for further consideration of Dr. Mahmood's January 18, 2012 Mental Impairments Questionnaire and the entirety of his treatment records.  Additionally, on remand, the Commissioner should obtain a consultative examination by a psychiatrist to obtain a clear picture of Pettit's RFC.

An appropriate Order will be entered.

>Entered:  November 25, 2013
>
>*/s/ Michael F. Urbanski*
>
>Michael F. Urbanski
>United States District Judge